Matter of Philippe NYC 1 LLC v Office of Admin. Trials & Hearings

2026 NY Slip Op 02943

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Philippe NYC 1 LLC, Doing Business as Philippe by Philippe Chow, Petitioner,

v

The Office of Administrative Trials and Hearings et al., Respondents.

Decided and Entered: May 12, 2026

Index No. 152622/24|Appeal No. 6599|Case No. 2024-06524|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Law Offices of Richard L. Cohn, New York (Richard L. Cohn of counsel), for petitioner.

Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.

[*1]

Determination of the Office of Administrative Trials and Hearings (OATH), dated February 20, 2024, which, after a hearing, sustained a summons issued to petitioner by the New York City Department of Health and Mental Hygiene (DOHMH) for three Health Code violations and imposed a penalty of $800, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eric Schumacher, J.], entered July 25, 2024), dismissed, without costs.

Substantial evidence supports OATH's determination sustaining petitioner's summons for violations of the Health Code after an inspection of petitioner's restaurant by DOHMH (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]). Petitioner did not dispute that its walk-in refrigerator malfunctioned on the day of the inspection and that several potentially hazardous foods were not being stored at or below the required temperatures (see New York City Health Code [24 RCNY 81.09 [a]]). OATH rationally concluded that the charges, listed as items 2a through 2d, corresponding to the different foods that were observed in the malfunctioning refrigerator, were not duplicative because each item required different proof and the items were effectively one violation which were, as OATH stated, "bundled together for penalty purposes."

The undisputed evidence that food was being stored in the malfunctioning refrigerator at the time of the inspection supported OATH's determination sustaining the violation for lack of adequate refrigeration storage (see NY City Health Code § 81.18). Petitioner cites no authority supporting its argument that the summons needed to specify the quantity of food required for petitioner's daily needs. OATH also reasonably rejected petitioner's argument that DOHMH was required to charge the violation under an alternative Health Code provision. Under OATH precedent, "if the same facts support violations of more than one section of the [Health] Code, [DOHMH] may choose which to cite" (DOHMH v First Hot Pot LLC, Appeal No. 18458-13F0 [November 4, 2013]).

The DOHMH inspector's observation of a worker "with short black hair" not wearing a hair restraint while cutting fish constitutes substantial evidence supporting the determination that petitioner violated Health Code § 81.13(b), notwithstanding petitioner's submission of testimony that the worker was bald, and a photograph of a bald worker. OATH's decision to credit the inspector's account over petitioner's is entitled to deference, and the substantial evidence standard requires sustaining an agency's determination even where "the evidence is conflicting and room for choice exists" (Matter of Berenhaus, 70 NY2d at 444 [internal quotation marks omitted]).

We have considered petitioner's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026